UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SGC HEALTH GROUP, INC. <br> d/b/a THE HEALTH GROUP, <br><br> Plaintiff, <br><br> v. <br><br> ECLINICALWORKS, LLC, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § Civil Action No. 3:15-cv-4022-M <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss and to Compel Arbitration [Docket Entry #5] filed by Defendant eClinicalWorks, LLC ("Defendant"). For the reasons explained below, Defendant's Motion is **GRANTED**.

### Background

This case involves a dispute between Plaintiff SGC Health Group, Inc. d/b/a The Health Group ("Plaintiff") and Defendant for breach of contract, breach of warranty, fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act.[1] Defendant contends that Plaintiff filed its Original Complaint in contravention of the parties' valid and enforceable arbitration agreement. Accordingly, Defendant moves to compel Plaintiff to arbitrate its claims in this lawsuit.

Defendant's Motion is predicated upon a Master Agreement for The Health Group and eClinicalWorks (the "Master Agreement"), executed by the parties on or about June 5, 2013.

---

[1] This is the second time Plaintiff has attempted to bring its claims in federal court. Plaintiff initially filed its complaint in March of 2015. *See SCG Health Group, Inc. v. eClinicalWorks, LLC*, No. 3:15-cv-1139-B (N.D. Tex). However, Plaintiff was unable to timely perfect service on Defendant, and the earlier case was dismissed without prejudice.

1

Paragraph 7.g of the Master Agreement provides, in pertinent part:

> Dispute Resolution. In the event of any dispute, the parties agree that the first recourse to resolution shall be by arbitration, and that no action at law shall be taken by either party previous to an unsuccessful resolution by arbitration.

Def. Mot. App. at 10, ¶ 7(g). Defendant moves to compel arbitration pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, et seq., and Paragraph 7.g of the Master Agreement. Plaintiff failed to file a response to Defendant's Motion. The Court thus considers the Motion without the benefit of a response.

## Legal Standards

The Court's determination of whether Plaintiff should be compelled to arbitrate its claims against Defendant pursuant to the FAA involves a two-step inquiry. *Will–Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003). First, the Court considers whether the parties agreed to arbitrate the dispute in question. *Id.* This inquiry examines (1) whether there is a valid agreement to arbitrate between the parties and (2) whether the dispute in question falls within the scope of that agreement. *Id.* If the Court finds that the parties agreed to arbitrate their dispute, it then considers whether any external legal constraints preclude arbitration of Plaintiff's claims. *Id.* If there is a valid agreement to arbitrate, and there are no legal constraints that foreclose arbitration, the Court must order the parties to arbitrate their dispute. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.") (emphasis in original) (citing 9 U.S.C. §§ 3–4).

The Court applies ordinary contract principles from the law of the state governing the agreement to determine whether the parties agreed to arbitrate. *Wash. Mut. Fin. Group, LLC v.*

*Bailey*, 364 F.3d 260, 264 (5th Cir. 2004). Here, paragraph 7.f of the Master Agreement provides that Massachusetts law applies. Def. Mot. App. at 10, ¶ 7(f). For a valid arbitration agreement to exist under Massachusetts law, the Court must find that: (1) a written agreement exists; (2) the disputed question falls within the scope of that agreement; and (3) the party seeking arbitration has not waived its right to arbitration. *Ellerbee v. GameStop, Inc.*, 604 F. Supp. 2d 349, 353 (D. Mass. 2009) (applying Massachusetts law).

## Analysis

Defendant has established that the parties have a valid agreement to arbitrate and the dispute in question falls within the scope of that agreement. The uncontroverted evidence shows that representatives for Plaintiff and Defendant executed a written agreement, the Master Agreement, in June of 2013. Def. Mot. App. at Ex. 1. Paragraph 7.g of the Master Agreement unequivocally requires the parties to submit "any dispute" to arbitration and prohibits the filing of any legal action prior to first attempting to resolve the dispute by arbitration. *Id.* at 10, ¶ 7(g). By its Original Complaint, Plaintiff brings claims against Defendant for breach of contract, breach of warranty, fraud, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act. Paragraph 7.g, which requires arbitration "[i]n the event of any dispute," is broad enough to encompass Plaintiff's claims in this lawsuit. Nothing in the record suggests that Defendant has waived its right to arbitration. Thus, the Court finds that the parties agreed to arbitrate their dispute.

Further, there is no argument—much less evidence—that any external legal constraints preclude arbitration of Plaintiff's claims. No law or policy precludes arbitration of Plaintiff's claims. Indeed, commercial disputes such as the ones at issue in this case are often held to be subject to mandatory arbitration agreements. *See, e.g, Commerce Park v. Mardian Construction Co.*, 729 F.2d 334, 338 (5th Cir. 1984) (claim under Texas Deceptive Trade Practices Act subject

to arbitration under FAA). Plaintiff must therefore be compelled to arbitrate its claims against Defendant.

Finally, a district court may dismiss, with prejudice, rather than stay, an action where all the issues are properly subject to arbitration. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *see also Adam Techs. Int'l S.A. de C.V. v. Sutherland Global Servs., Inc.*, 729 F.3d 443, 447 n. 1 (5th Cir. 2013) ("Although Section 3 of the Federal Arbitration Act directs district courts to stay pending arbitration, we are bound by our precedent which states that dismissal is appropriate 'when all of the issues raised in the district court must be submitted to arbitration.'" (quoting *Alford*, 975 F.2d at 1164)). All the claims asserted by Plaintiff in this case fall within the scope of the arbitration provision in the Master Agreement. The only possible role the Court could have would be to review the arbitration award once the proceedings are concluded. *See Alford*, 975 F.2d at 1164. Under these circumstances, the case should be dismissed with prejudice rather than stayed. *Id.*; *White v. SoftLayer Techn.*, 2015 WL 5052365, at *6 (N.D. Tex. Aug. 27, 2015) (Lynn, J.) (holding that dismissal of an action with prejudice is appropriate and within the court's discretion when the court determines that all claims are subject to arbitration).

## Conclusion

For the reasons stated above, Defendant's Motion [Docket Entry #5] is **GRANTED**. Plaintiff's claims are **DISMISSED** with prejudice. The parties are directed to arbitrate their dispute pursuant to the Master Agreement.

**SO ORDERED.**

May 4, 2016.

BARBARA M.G. LYNN
CHIEF JUDGE

4